UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: SIRIUS XM RADIO, INC., TELEPHONE
CONSUMER PROTECTION ACT (TCPA) LITIGATION        MDL No. 2635


ORDER DENYING TRANSFER


**Before the Panel**:[*]  Plaintiffs in three putative nationwide class actions move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Virginia.  This litigation currently consists of five actions pending in four districts, as listed on Schedule A.[1]  Plaintiffs in all actions generally allege that defendant Sirius XM Radio, Inc. (Sirius XM) made unauthorized telemarketing calls that were placed by automated telephone dialing systems to plaintiffs' cellular telephones.  Plaintiffs allege that these calls, which sought to enroll plaintiffs in paid subscriptions to Sirius XM radio, typically following a vehicle purchase in which plaintiffs received a free trial subscription to Sirius XM radio, violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

Plaintiff in the relatively advanced Eastern District of Virginia *Hooker* action opposes centralization and, alternatively, suggests the Eastern District of Virginia as the transferee forum (though at oral argument, counsel stated that his opposition to centralization had "softened" somewhat).  Common defendant Sirius XM Radio, Inc., (Sirius XM) also opposes centralization and, alternatively, suggests centralization in the Eastern District of Virginia.   Plaintiff in an individual action pending in the Eastern District of North Carolina did not respond to the motion for centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation.  The Eastern District of Virginia *Hooker* action is significantly advanced, with fact and expert discovery completed and class certification briefing poised to commence.  All other actions remain at relatively initial stages of litigation.  Centralization in these circumstances may

---

[*]  Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1]  Plaintiffs' motion for centralization included two actions (District of New Jersey *Gebhardt* and Western District of Washington *Robinson*) that have since been dismissed, and the Panel received responses to the motion for centralization from two defendants that have since been dismissed, Career Horizons, Inc. d/b/a Teleservices, Inc. and Toyota Motor Sales U.S.A., Inc.  Additionally, the parties notified the Panel of a related action pending in the Middle District of Florida.

-2-

delay the proceedings in *Hooker*.

Where only a minimal number of actions are involved, the proponents of centralization bear a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).   Plaintiffs have not met that burden here.  Although we have centralized other TCPA litigation that involved fewer cases, the cases here already are being managed in an orderly and efficient manner, and the issues that they present are neither factually nor legally complex.

In our view, cooperation among the parties will be the best route to resolving these actions.  Plaintiffs in the two Southern District of California actions and the Northern District of Illinois action appear amenable to cooperation, given that they are joint Section 1407 movants.  These plaintiffs also have agreed, in their reply brief, not to seek to redo any of the discovery that has occurred in *Hooker* or revisit rulings reached in that action.  Further, common defendant Sirius XM is willing to litigate these cases where they were filed.  Given the procedural disparity among the actions, the few involved counsel, and the limited number of actions, informal cooperation among the involved attorneys and courts is both practicable and preferable to centralization.  Should the need arise, we encourage the parties to employ available alternatives to transfer to minimize the potential for duplicative discovery and inconsistent pretrial rulings.  *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004); 28 U.S.C. § 1407(a).

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: SIRIUS XM RADIO, INC., TELEPHONE
CONSUMER PROTECTION ACT (TCPA) LITIGATION           MDL No. 2635

## SCHEDULE A

Southern District of California

KNUTSON v. SIRIUS XM RADIO INC., C.A. No. 3:12−00418
TRENZ v. SIRIUS XM RADIO, INC., ET AL., C.A. No. 3:15−00044

Northern District of Illinois

ELICKMAN v. SIRIUS XM RADIO, INC., C.A. No. 1:15−02093

Eastern District of North Carolina

COMBS v. SIRIUS XM RADIO INC., C.A. No. 7:15−00037

Eastern District of Virginia

HOOKER v. SIRIUS XM RADIO, INC., C.A. No. 4:13−00003